# Wheeling.

## HENRY K. LIST *vs.* ZACHARIAH PUMPHREY *et al.*

### August Term, 1869.

1. Objection made for the first time in an appellate court comes too late, that an administrator *de bonis non*, with the will annexed, who had filed his bill in the court below, and upon which the cause was heard there, was not administrator.

2. After a cause has been revived in the name of an administrator *de bonis non*, he assigns a judgment, which is the subject matter of the suit, to another, and the suit proceeds in the name of the administrator *de bonis non*, without making the assignee a party. HELD:

   That the cause might so proceed until final decree.

3. Where a suit is brought to enforce a judgment lien, and is revived in the name of an administrator *de bonis non*, who subsequently assigns the judgment to another, and the suit proceeds in the name of the administrator *de bonis non*, and it is charged in the answer of a defendant that a party other than the assignee of such administrator, had become the owner of the judgment, and that it had been paid off and satisfied to him, it becomes necessary for the assignee to file a supplemental bill, and it is error in the court to refuse to permit him to do so.

Zachariah Pumphrey was indebted by bond to Beall Pumphrey, long prior to 1836, and in January, 1838, he purchased, by contract in writing, of John A. Good, about 150 acres of land in Ohio and Marshall counties, for 2000 dollars. He borrowed money to make the first payment, which his sons, William R. and George W. Humphrey, had to pay afterwards. In 1840, Zachariah Pumphrey conveyed his property by written contract to his sons, William R. Pumphrey and Nimrod Pumphrey, which contract was only executed by said Zachariah and William R. Pumphrey, in consideration that that they should finish paying for said land and repay William R. Pumphrey the money that he had paid, which William R. and George W. Pumphrey repaid. In 1842, as appears by the testimony recently taken in the

cause, Zachariah Pumphrey obtained a legacy of 1000 dollars from his father, and he assigned the same to William R. Pumphrey and George W. Pumphrey, in consideration of which they conveyed to their father 50 acres of the land, containing the spring and the improvements. Suit at law was afterwards brought by Isaac M. Pumphrey, executor of Beall Pumphrey, deceased, on the bond of 400 dollars against Zachariah Pumphrey; and at the fall term, 1845, of the circuit superior court of law and chancery for Ohio county, judgment was obtained for 400 dollars, with interest from the 1st of April, 1818, till paid, and costs. A *fieri facias* issued thereon, and was returned "no property found." A bill was afterwards filed in that court to obtain satisfaction of that judgment from the real estate of Zachariah Pumphrey, viz: Lot 192 in the city of Wheeling, upon which there were a large number of liens. Upon the answer of Reasin Pumphrey, the lot in Wheeling was given up, and subsequently all of the tract of land except the 50 acres aforesaid. The cause was pending in court until 1863, when Isaac N. Pumphrey died, and in the fall of that year Daniel C. List was appointed administrator *de bonis non*, with the will annexed, and qualified as such. Afterwards the said Daniel C. List, administrator as aforesaid, assigned said judgment, the suit, and any lien obtained by the judgment, to Henry K. List, with authority to use said administrator's name in the further proceedings thereof. Since the assignment all the testimony in the case was taken. The said Henry K. List, proceeding in the name of Daniel C. List, the administrator, in December, 1863, filed a bill of supplement, amendment and revivor, in the name of said administrator. In 1864, Zachariah Pumphrey filed his answer, alleging that said Henry K. List had purchased said judgment and sold it to George W. Pumphrey, and that he (Zachariah) had an account against said George W., of some 20 years standing, principally for the use and occupation of the land. After the filing of this answer, testimony was taken by both parties in full.

At the December term, 1868, the said Henry K. List

moved the court to permit him to file his bill in the nature of an original bill, a bill of revivor and amendment, in which Zachariah Pumphrey, George W. Pumphrey, Daniel C. List as administrator of Beall Pumphrey, and Benjamin Springer, who had acquired a mortgage on said land, were made parties defendants. The court refused to allow said bill to be filed, ordered the cause to a hearing, and dismissed the cause. From which decree of the court, the said Henry K. List appealed to this court.

*Peck* for the plaintiff in error.
*Wheat* and *Forbes* for the defendants in error.

MAXWELL, J.  Daniel C. List, as administrator *de bonis non*, with the will annexed of Beall Pumphrey, deceased, was allowed by the court below to file a bill of revivor. It is now objected, for the first time, that he was not such administrator in fact. As the cause was allowed to proceed in his name, as such administrator, it is too late now to make the objection.

After the cause was revived, the said administrator *de bonis non*, assigned the judgment, which was the subject matter of the suit, to one Henry K. List, and the suit proceeded in the name of the new administrator without the said Henry K. List being made a party, and might have so proceeded until final decree.   Story's Eq. Pl., sec. 156; 1 Story's Eq. Jur., sec. 406; *Cook* vs. *Mancius*, 6 Johns. Ch. R., 93; *Bishop of Winchester* vs. *Paine*, 11 Ves., 194; 2 Story's Eq. Jur., sec. 908; *Murry* vs. *Barlow*, 1 Johns. Ch. R., 577; *Hoxie* vs. *Carr*, 1 Sumner, 173.

But the defendant Z. Pumphrey charged in his answer that one George W. Pumphrey had become the owner of the judgment, and that the same had been paid off and satisfied to him, and thereby made it necessary for the said Henry K. List to file a supplementary bill.   2 Story's Eq. Ju., sec. 908; Story's Eq. Pl., sec. 156.

The assignee, Henry K. List, at the January term, 1868, offered to file his original bill in the nature of a supplemen-

tary bill, called by him "Bill of revivor and supplement," but the court refused to allow the bill to be filed, and dismissed the cause. In this I think the court erred. Story's Eq. Pl., sec. 348; *Foster* vs. *Deacon*, 6 Maddock's R., 59.

For the error in refusing to allow the said Henry K. List to file the said supplemental bill, the decree complained of will have to be reversed, with costs, and the cause remanded with leave to file the said supplemental bill, if again offered.

Judge Berkshire concurred, and President Brown concurred in reversing, but not in the opinion.

DECREE REVERSED.